JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>            v.<br><br>ONE DRAWING ENTITLED "SELF-PORTRAIT" BY JEAN-MICHEL BASQUIAT,<br><br>      Defendant. | No. 2:20-CV-5910-DSF (PLAx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

**I.    INTRODUCTION**

   1.   Plaintiff United States of America (the "Government") has made an Application (the "Application") for the entry of this Consent Judgment, which is dispositive of this action.

   2.   Previously, the Government and potential claimant Christopher Joey McFarland filed a related stipulation (the "Related Stipulation") in *United States v. Up to $28,174,145.52 in Huntington National Bank Escrow Account Number '7196,* (2:19-cv-1327-DSF (PLAx)), wherein Mr. McFarland affirmed, among other things, that he was voluntarily surrendering the defendant asset in this action (the "Defendant Asset") to the United States,

"relinquishing any and all right, title, and interest" in the Defendant Asset and "agrees and consents to [its] forfeiture." (DN 44). The Related Stipulation also set forth Mr. McFarland's representation that he would "not file any claim" to the Defendant Asset, nor would he "help any other individual or entity" file a claim to the Defendant Asset. (*Id.*). Mr. McFarland also represented that, "to the best of his knowledge, [the Defendant Asset] was given to him as a gift and no other persons or entities may assert any right or interest" in the Defendant Asset. (*Id.*).

3. The present action was commenced on July 1, 2020, against the Defendant Asset. On December 10, 2020, a Default by Clerk was entered.

**II. FINDINGS**

4. The Court, having considered the Application and the Related Stipulation, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES, AND DECREES:

5. For purposes of this Consent Judgment, this Court has jurisdiction over this action. The government gave notice of this action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court. No claims to the Defendant Asset were filed, the time for filing claims has expired, and no potential claimant has moved for leave to file a late claim. Entry of this Consent Judgment will resolve all claims of all potential claimants with respect to the Defendant Asset and is dispositive of this action. If assumed to be true, the

allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Asset.

6.   Upon entry of this Consent Judgment, all right, title and interest of any potential claimant in and to the Defendant Asset shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment.  The government shall dispose of the Defendant Asset according to law.

7.   The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Consent Judgment of Forfeiture.

IT IS SO ORDERED.

DATED:   November 20, 2023      /s/ Dale S. Fischer
                                HON. DALE S. FISCHER
                                UNITED STATES DISTRICT JUDGE


Presented by:

MARGARET A. MOESER
Acting Chief, MLARS

          /s/
BARBARA Y. LEVY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA